UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
BERN UNLIMITED, INC.,                                         )
)
            Plaintiff,                                                )
)
v.                                                                      )                 Civil Action No. 11-12278-FDS
)
EASTON-BELL SPORTS, INC., THE                       )
BURTON CORPORATION, SMITH                          )
SPORT OPTICS, INC., d/b/a/ SMITH                      )
OPTICS, INC., AMER SPORTS WINTER              )
& OUTDOOR CO., VANS, INC., DYE                     )
PRECISION, INC., and K-2                                      )
CORPORATION,                                                     )
)
            Defendants.                                           )
_____)

ORDER ON DISCOVERY REQUESTS
IN JOINT STATUS REPORT


May 1, 2014

SOROKIN, C.M.J.

        The Court has reviewed the Joint Status Report filed by the parties (Docket #198) which

identifies the additional discovery K2 and Smith seek from Bern in light of the Court's ruling on

Bern's motion to compel.  For a large number of the requests the parties have reached agreement

and, accordingly, as to those discovery requests the Court will make no ruling.  Regarding those

matters in dispute, the Court makes the following rulings.

    1.   K2 Request No. 1 – Bern shall produce the information as requested by K2.

    2.   K2 Request No. 2 – Bern's response suffices with the following additions.  It shall
         identify the countries each distributor served and it shall identify the documents upon
         which it intends to rely to prove that it was actively marketing in the applicable
         foreign countries.

3. K2 Request Nos. 3 through 5 – Bern's responses suffice.

4. K2 Request No. 6 – The Court reads Bern's response as stating that the documents it identified are all the documents upon which it intends to rely to support its assertion that foreign sales by the defendants affected Bern in United States commerce. If this is incorrect, Bern shall supplement with any additional documents upon which it intends to rely.

5. K2 Request Nos. 7 through 11 – The parties are in agreement regarding these requests.

6. K2 Request No. 11 – The parties dispute whether Bern must specifically identify documents upon which it intends to rely regarding topics within the scope of K2's requests rather than merely state that any such documents are within the production of documents it has made in this case. Bern shall identify more specifically those documents upon which it intends to rely regarding its foreign sales, its foreign marketing, its compliance with foreign laws or standards, and its foreign trade dress rights. In addition, it shall identify more specifically those documents upon which it intends to rely to establish that foreign sales by the defendants affected Bern in the United States.

7. Smith's Request – The parties are in agreement regarding part (a). Bern and Smith shall resolve part (b) after conferral.

The discovery provided for by this Order shall be produced by May 12, 2014 (except (1) to the extent set forth otherwise by agreement of the parties in their submission and (2) the response to Request No. 1 which is due by May 21). The parties' submission states that in light of the dates agreed to by the parties and assuming (as the Court does) that counsel will schedule the deposition promptly after production of the documents pursuant to the schedule established by the parties in their submission, no party requests a change to the schedule. Accordingly, the schedule remains unchanged.

   /s/ Leo T. Sorokin
Leo T. Sorokin
Chief U.S. Magistrate Judge